# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH A. BUFFEY,

      Petitioner,

v.                                      Civil Action No. 2:05cv70
                                           (Judge Maxwell)

THOMAS MCBRIDE, Warden,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

On September 19, 2005, the Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner paid the required filing fee on October 20, 2005. On February 16, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Thus, the Respondent was directed to show cause why the petition should not be granted.

On March 20, 2006, the Respondent filed a Consolidated Answer and Motion for Summary Judgment with Memorandum in Support. Petitioner filed a response on March 31, 2006. This case is before the undersigned for a report and recommendation on the Respondent's motion for summary judgment.

## I.  Procedural History

### A.  Petitioner's Conviction and Sentence

According to the parties, the January 2002 term of the Harrison County Grand Jury returned two indictments against Petitioner. In indictment number 02-F-10-2, Petitioner was charged with one count burglary, one count robbery in the first degree, five counts of sexual assault in the first

degree, one count of assault during the commission of a felony, and one count kidnapping. In indictment number 02-F-9-2, Petitioner was charged with three counts of breaking and entering, one count of petit larceny, and one count of destruction of property.

On February 11, 2002, Petitioner pled guilty to one count robbery in the first degree and two counts of sexual assault in the first degree as set forth in indictment number 02-F-10-2. In exchange for his guilty plea, the State of West Virginia dismissed the remaining counts in indictment 02-F-10-2 and all of the counts in indictment 02-F-9-2. The State also agreed not to pursue any additional charges against the Petitioner related to the offenses listed in the two indictments. Additionally, the State recommended that the maximum sentence Petitioner receive on the first degree robbery charge be forty years.

On May 21, 2002, the Circuit Court of Harrison County accepted Petitioner's guilty plea and sentenced Petitioner to forty years for the offense of robbery in the first degree. The Court further sentenced Petitioner to an indeterminate sentence of not less that fifteen years, nor more than thirty-five years for each of the offenses of sexual assault in the first degree. Each of the sentences was ordered to run consecutively for a total sentence of seventy years.

**B. Direct Appeal**

Petitioner did not file a direct appeal.

**C. Petitioner's State Habeas Corpus**

In his state habeas petition, Petitioner raised the following grounds for relief

(1) his state and federal constitutional rights to equal protection, due process, and a fair and impartial jury trial were violated due to ineffective assistance of counsel for

>    (a) persuading Petitioner into a plea agreement that he did not want to accept,
>    (b) failing to properly advise Petitioner on his rights to withdraw his plea agreement

before it was accepted by the Court,
(c) insisting that Petitioner take the plea agreement before there was any DNA testing done,
(d) advising Petitioner to take the plea even after Petitioner informed counsel that the DNA evidence would exclude him,
(e) advising Petitioner to accept a plea agreement that amounted to a life sentence,
(f) failing to investigate Petitioner's case by failing to request DNA testing, advising Petitioner that the knife seized from him was the same knife used during the crime, not addressing the victim's failure to identify the Petitioner in a police line up or to identify the knife used in the crime, and
(g) accumulation of errors;

(2) his state and federal constitutional rights to a full and fair trial were violated by prosecutorial and police misconduct for

(a) the prosecutor's failure to fully pursue the truth surrounding the alleged statements of State witnesses and subsequent presentation of perjured testimony to the Grand Jury,
(b) the prosecutor's use of hearsay, perjury, conspiracy, coercion, illegally obtained evidence, tampered evidence, withholding of evidence, and obstruction of justice to prove Petitioner committed the acts alleged in the indictment,
(c) the prosecutor's abuse of discretion in presenting this case to the Grand Jury and proceeding to trial knowing that the allegations were not true and that the trial judge would be favorable to the State's position because of a predisposition of prejudice against Petitioner,
(d) the prosecutor's assumption that the State's witnesses were truthful,
(e) improper police interrogation tactics, including keeping Petitioner in interrogation for 24 hours by use of threats and violence, all the while being depriving him of food and water and the use of a bathroom in order to coerce a confession,
(f) failure of the police to conduct DNA testing,
(g) failure of the police to credit Petitioner for voluntarily submitting to a polygraph test and passing, and
(h) failing to investigate alibi witnesses Petitioner gave them;

(3) There may be other evidence of reversible and prejudicial errors, denial of state and federal constitutional rights to equal protection, due process and a fair jury trial, in the transcripts, pre-trial statements and exhibits, and trial and post-trial rulings, but Petitioner would need the assistance of counsel to raise all these viable issues.

After Petitioner was appointed counsel in his State habeas proceeding, counsel filed an Amended Petition raising the following additional claim,

(4) Newly discovered evidence by way of DNA test results which indicate that Petitioner was excluded as a match for the DNA evidence collected from the victim.

On March 12, 2004, the State court conducted an omnibus hearing on Petitioner's State habeas petition. After being advised as to the purpose of the Losh Checklist, see Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981), Petitioner requested the Court consider the following eleven additional grounds:

(1) involuntary guilty plea;

(2) failure of counsel to take an appeal;

(3) coerced confession;

(4) suppression of helpful evidence by prosecutor;

(5) ineffective assistance of counsel;

(6) refusal of continuance;

(7) sufficiency of evidence;

(8) question of actual guilt upon an acceptable guilty plea;

(9) severer sentence than expected;

(10) excessive sentence;

(11) mistaken advice of counsel as to parole or probation eligibility.

In a written opinion containing findings of fact and conclusions of law, Petitioner's State habeas petition was denied on the merits on July 2, 2004. On June 14, 2005, the West Virginia Supreme Court of Appeals refused Petitioner's appeal of that Order.

### D. **Petitioner's Federal Habeas Petition**

In the instant case, Petitioner raises the following grounds for relief:

(1) Ineffective Assistance of Counsel for

(a) coercing Petitioner into pleading guilty to crimes which he did not commit by leading Petitioner to believe that the results of the DNA and other evidence was overwhelmingly against him, leading Petitioner to believe that the Court would agree to send him to the Anthony Center for Youthful Offenders, by advising Petitioner to give only yes and no responses at the plea hearing, and by lying to Petitioner about being sent to the Anthony Center,
(b) advising Petitioner that it was too late to withdraw his guilty plea, and
(c) failing to file an appeal;

(2) His constitutional right to a full and fair trial, equal protection, and due process were violated as a result of prosecutorial and police misconduct, that the misconduct coerced Petitioner into entering a plea of guilty to crimes which he denies, that the denial of the state courts to reverse the guilty pleas amounted to an unreasonable application of United States Supreme Court precedent and is clearly contrary to established federal law;

(3) The lower courts failure to reverse his guilty plea based on the discovery of new evidence (DNA testing results) indicating that Petitioner was excluded as a match for the DNA collected from the victim when the evidence was not available to the Petitioner at the time he entered his plea agreement violates the constitution and is clearly wrong.

### E. **The Respondent's Answer and Motion for Summary Judgment**

In the consolidated answer and summary judgment motion, the Respondent generally denies that any violation of Petitioner's rights occurred. In addition, the Respondent asserts that Petitioner's claims were addressed by the Circuit Court of Harrison County after an omnibus evidentiary hearing was held and that an appeal of that denial was refused by the West Virginia Supreme Court of Appeals. Given the substantial deference due to such decisions, the Respondent

seeks judgment as a matter of law.

## II. Standards of Review

### A. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most

favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).

**B. Federal Habeas Review Under 28 U.S.C. § 2254**

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d

7

470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a Petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S.C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they

are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, Petitioner's claims were properly presented to the courts of the State. Because Petitioner's claims were adjudicated on the merits in State court, the State's findings of fact and conclusions of law are due the appropriate deference.

## III.  Analysis

### A. Ineffective Assistance of Counsel

With regard to ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." Id. at 689-90. Second, if the Court finds that counsel's performance was unreasonable, Petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a one that is "sufficient to undermine confidence in the outcome." Id.

  1. Voluntariness of Petitioner's Pleas

In its Order denying Petitioner's State habeas petition, the Circuit Court of Harrison County found that Petitioner voluntarily entered his guilty pleas. In doing so, the Circuit Court found that at the omnibus evidentiary hearing the evidence showed that Petitioner's attorney did not advise Petitioner to plead guilty. To the contrary, the Circuit Court found that Petitioner's attorney actually advised Petitioner against accepting the guilty plea. Moreover, the Circuit Court noted that the

transcripts of Petitioner's plea hearing show that he was extensively questioned with regard to the voluntariness of his plea and that such transcripts confirm that Petitioner's plea was voluntarily made. In addition, those transcript show that at no time did Petitioner voice any complaints about the quality of counsel's representation.

At the omnibus evidentiary hearing, Petitioner's trial counsel testified that he did not advise Petitioner to accept the guilty plea. See Respondent's Consolidated Answer (dckt. 11), Ex. 10 at 175, 180-84, 187, 190-91, 197, 200-02. In fact, counsel testified that he found it bizarre that Petitioner wanted to accept the guilty plea when Petitioner insisted that the DNA evidence would exonerate him. Id. at 180, 200-02. Although Petitioner and his mother testified that Petitioner did not want to accept the plea and that he did so only on the advice of counsel,[1] the State Court credited the testimony of trial counsel, in part, because of the representations made by Petitioner when he pled guilty and at his sentencing hearing. See Id. at Ex. 8, 9.[2]

In addition, to the extent that Petitioner argues that the State did not provide a proper factual basis for his plea, that claim is without merit. "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give

---

[1] Ex. 10 at 214-17, 236-39.

[2] At his plea hearing, Petitioner stated that he and his attorney got along "great." Ex. 8 at 17. Petitioner also stated that counsel had adequately represented him and that counsel was properly prepared to represent him. Id. at 17-18. Moreover, Petitioner specifically told the court that he was satisfied with counsel's services. Id. at 19. Thereafter, Petitioner pled guilty to the charges. Id. at 21. In doing so, Petitioner stated that he "broke into a (sic) elderly lady's house and robbed her and forced her to have sex with me." Id. at 21-22. When asked to be more specific, Petitioner stated that he "forced her to have sex with me twice." Id. at 22. After further questioning, Petitioner stated that it was his decision to plead guilty. Id. at 25-26. The Court then discussed the plea agreement with Petitioner in detail and Petitioner signed the plea agreement. Id. at 34-46.

At his sentencing hearing, Petitioner apologized to the Court and the victim's family saying that he was sorry for what he did and that he realized what he did was wrong. Ex. 9 at 29. Petitioner then acknowledged that he needed to punished for what he did and stated that he was "truly sorry." Id.

judgment and determine punishment." Boykin v. Alabama, 395 U.S. 238, 242 (1969). Therefore, Petitioner's guilty plea served as a stipulation and no further proof by the prosecution needed to be advanced. Id. at 243, n. 4.

Finally, to the extent that Petitioner argues that the State withheld exculpatory evidence, Petitioner has presented no evidence to support that claim. To the contrary, the testimony at the omnibus evidentiary hearing was that the State crime lab did not have the DNA results completed at the time of Petitioner's plea hearing. Ex. 10 at 113.[3] Moreover, although those results were completed prior to Petitioner's sentencing,[4] the results were not sent to the Clarksburg Police Department until two months after Petitioner was sentenced. Id. at 114-115.[5] At that time, there was no need to review the evidence or bring it to Petitioner's attention because Petitioner had already pled guilty and had been sentenced. Id. at 302. The prosecution could not possibly have withheld the DNA evidence from the defense because the State never received that evidence. Id. at 293.

Accordingly, upon an independent review of the record, the undersigned finds that the state court's adjudication of Petitioner's claim that his plea was not voluntary was not contrary to clearly established federal law.[6] Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of Petitioner's

---

[3] Petitioner's plea hearing was held on February 11, 2002. The report containing the DNA results is dated April 5, 2002.

[4] Petitioner was sentenced on May 21, 2002.

[5] The DNA results were received by the Clarksburg Police Department on July 12, 2002.

[6] In the Conclusions of Law section of its Order, the Circuit Court specifically cited Strickland as the appropriate test for claims of ineffective assistance of counsel. Ex. 6 at 17.

11

claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

    2. <u>Advising Petitioner that it was too Late to Withdraw his Guilty Plea</u>

In its Order denying Petitioner's State habeas petition, the Circuit Court of Harrison County found that Counsel was not ineffective for advising Petitioner that he could not withdraw his guilty pleas prior to the Court accepting such pleas. In doing so, the Circuit Court found that Petitioner never contacted counsel prior to sentencing to discuss withdrawing his pleas. In addition, the Court found that had Petitioner contacted his attorney prior to trial regarding the withdrawal of his guilty pleas, counsel would have discussed with Petitioner the appropriate steps to be taken to make such a request. The Court also noted that Petitioner entered his plea freely and voluntarily, against the advice of counsel, and without voicing any objection to the quality of his counsel's representation.

At the omnibus evidentiary hearing, Petitioner's trial counsel testified that Petitioner did not call him prior to sentencing and state that he wanted to withdraw his plea. Ex. 10 at 170, 185-89. In addition, counsel testified that had Petitioner made such a request, he would have met with him to discuss the issue and had Petitioner wished to pursue it further, he would have prepared and filed the motion. <u>Id.</u> at 186. Although counsel testified that his recollection was vague because it had been some time since Petitioner was sentenced, counsel was adamant that had Petitioner made such a request he would have filed the motion. <u>Id.</u> at 187-88. Although Petitioner and his mother testified that Petitioner contacted his attorney to withdraw his plea,[7] the State Court credited the testimony of trial counsel, in part, because of the representations made by Petitioner when he pled

---

[7] Ex. 10 at 216-17, 239-40.

guilty and at his sentencing hearing.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of Petitioner's claim that counsel failed to file a motion to withdraw his plea was not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, this Court does not believe that the state court's adjudication of Petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

3. Failing to File an Appeal

In its Order denying Petitioner's State habeas petition, the Circuit Court of Harrison County found that Counsel was not ineffective for failing to file an appeal. In doing so, the Circuit Court found that the only contact between Petitioner and his counsel after sentencing was with regard to the results of the DNA testing and that Petitioner never made an affirmative request for counsel to pursue an appeal.

The Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).
In rendering this decision, the Court opined:

> Persons convicted in federal district courts have a right to a direct appeal. Coppedge v. United States, 369 U.S. 438, 82 S.Ct.917, 8 L.E.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 917, 8 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. Anders v. California, 386 U.S.

13

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Id. at 41.

Further, in Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Flores-Ortega, at 478.

In this case, a review of the transcripts from the omnibus evidentiary hearing support the Circuit Court's finding that Petitioner never requested that counsel file an appeal. Accordingly, upon an independent review of the record, the undersigned finds that the state court's adjudication of Petitioner's claim that counsel was ineffective for failing to file an appeal was not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, this Court does not believe that the state court's adjudication of Petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**B. Prosecutorial and Police Misconduct Coerced Petitioner into Entering a Guilty Plea**

In its Order denying Petitioner's State habeas petition, the Circuit Court of Harrison County found that Petitioner had failed to present any evidence to support his claim that his confession was coerced. In addition, with regard to Petitioner's claim that the police and prosecution formed some sort of conspiracy to delay and/or withhold the results of the DNA testing, the Circuit Court found that "the West Virginia State Police Forensic Report was not sent to and received by the Clarksburg

City Police Department until July 12, 2002, subsequent to both the plea and sentencing hearings. Additionally, each of the three expert witnesses, called by both the Petitioner and the Respondent, testified that DNA test results were inconclusive." Ex. 6 at 11.

In Brady v. Maryland, 373 U.S. 83, 87 (1963), the United States Supreme Court held that "[t]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985); United States v. Cole, 293 F. 3d 153 (4th Cir.), cert. denied, 123 S.Ct. 387 (2002).

In this case, as discussed previously, the testimony at the omnibus evidentiary hearing established that neither the Clarksburg Police Department, nor the prosecution, had the results of the DNA testing prior to Petitioner entering his guilty plea, or prior to sentencing. Therefore, there could not have been misconduct on the part of the police or the prosecution in the manner alleged by Petitioner because neither had the evidence that Petitioner alleges was suppressed.

In addition, Petitioner has provided absolutely no factual support, either at the omnibus evidentiary hearing or in his federal petition, for his contention that the prosecutor offered perjured testimony to the Grand Jury or that the police improperly interrogated him. Accordingly, upon an independent review of the record, the undersigned finds that the state court's adjudication of Petitioner's claim regarding prosecutorial and police misconduct was not contrary to clearly established federal law. See United States v. Young, 470 U.S. 1, 11-12 (1985) (to establish prosecutorial misconduct, Petitioner must show that the prosecutor's conduct was so egregious as

to render his trial fundamentally unfair). Additionally, in light of the evidence presented in the state court proceedings, this Court does not believe that the state court's adjudication of Petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**C. <u>Failure to Reverse Guilty Plea Based on DNA Evidence is Clearly Wrong</u>**

In its Order denying Petitioner's State habeas petition, the Circuit Court of Harrison County found that Petitioner was not entitled to reversal of his conviction based upon the DNA evidence. In doing so, the Circuit Court found that each of the three expert witnesses who testified at the evidentiary hearing, testified that the DNA evidence was inconclusive. In other words, each of the expert witnesses agreed that Petitioner could not be excluded as a contributor of the DNA mixture found at the crime scene and present on the victim. In addition, in examining Petitioner's sufficiency of the evidence claim, the Circuit Court noted that there was other evidence to establish Petitioner's guilt. For instance, the form of clothing worn by the Petitioner, the partial physical description given by the victim, a knife that matched the knife used during the offense, and an admission of guilt by the Petitioner. These factors, combined with the testimony of the expert witnesses, convinced the Circuit Court that there was sufficient evidence of Petitioner guilt to sustain his conviction.

Essentially, Petitioner's claim with regard to the results of the DNA testing is that the DNA evidence exonerates him as to the sexual assault charges. However, a claim of actual innocence, "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." <u>Schlup v. Delo</u>, 513

U.S. 298, 315 (1995) (internal quotation marks omitted). Thus, to the extent that Petitioner argues that he is actually innocent of the charges to which he pled guilty, that claim is not cognizable on federal habeas. Moreover, even if Petitioner were able to make such a claim in this Court, Petitioner is not entitled to relief on that basis.

At the omnibus evidentiary hearing, the three expert witnesses established that Petitioner could neither be included nor excluded as the contributor of the DNA found on the victim. Ex. 10 at 90, 112, 143. Thus, the DNA evidence was not exculpatory as Petitioner suggests. Moreover, the testimony also established that the prosecution had other evidence indicating that Petitioner was the perpetrator of the crime.[8] Ex. 10 at 294. That evidence included Petitioner matching a partial physical description of the perpetrator, his clothing matching those worn by the assailant, a knife owned by Petitioner that matched the one used in the crime, and an incriminating statement made by Petitioner to the police. Id.

Accordingly, upon an independent review of the record, the undersigned finds that the state court's adjudication of Petitioner's claim that the State court erred in not reversing his conviction based upon the DNA evidence was not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, this Court does not believe that the state court's adjudication of Petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IV. Recommendation

---

[8] Therefore, any claim challenging the sufficiency of the evidence is also without merit.

For the reasons set forth in this Opinion, it is recommended that the petitioner's § 2254 petition be denied on the merits and DISMISSED WITH PREJUDICE.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner and counsel of record, as applicable.

DATED: January 24, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE